IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL JESSIE TRUJILLO,

    Petitioner,

v.                                                                                               No. 11-cr-1322 RB
                                                                                       No. 23-cv-0196 RB-JMR

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Paul Jessie Trujillo's Motion to Modify Term of Imprisonment Under 18 U.S.C. § 3582(c). (CV Doc. 1; CR Docs. 96; 104.) Defendant seeks compassionate release on the ground that his career offender enhancement is invalid and that COVID-19 places him at risk of severe disease. Having carefully reviewed the record and applicable law, the Court declines to grant relief.

**I.   BACKGROUND**

In 2011, Trujillo pled guilty to Possession with the Intent to Distribute 50 Grams or More of a Mixture Containing Methamphetamine (21 U.S.C. § 841(b)(1)(B)). (CR Docs. 26; 30.) The Court sentenced him to 188 months in prison. (CR Doc. 74.) The sentence includes an enhancement under the career offender provision of U.S.S.C. § 4B1.1. (*See* Presentence Investigation Report (PSR) ¶ 23.) The PSR reflects that Trujillo has several prior felony convictions for drug offenses and at least one prior felony conviction for armed robbery. (*See id.*) Judgment was entered on November 3, 2011. (Doc. 74.) Trujillo did not file a direct appeal.

In 2016, Trujillo filed a counseled Motion to Vacate and Correct Sentence Under 28 U.S.C. § 2255. (CR Doc. 85.) He challenged his career offender enhancement, alleging that U.S.S.C.

§ 4B1.1 is unconstitutionally vague and that armed robbery no longer qualifies as a crime of violence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See id.*) United States Magistrate Judge Laura Fashing stayed that habeas proceeding until the Supreme Court issued its opinion in *Beckles v. United States*, 580 U.S. 256 (2017). (CR Doc. 90.) The following year, the Supreme Court held the Sentencing Guidelines are not subject to a void-for-vagueness challenge under *Johnson. See Beckles*, 580 U.S. at 267. By an Order entered March 10, 2017, Judge Fashing lifted the stay in light of *Beckles.* (CR Doc. 93.) The Order also directed the parties to file a joint statement addressing whether the ruling in *Beckles* is dispositive of all issues raised in the 2016 Motion. Six days later, on March 16, 2017, Trujillo voluntarily dismissed the 2016 Motion pursuant to Fed. R. Civ. P. 41(a). (CR Doc. 94.)

Trujillo filed the instant Motion in 2023.[1] (CR Doc. 104.) He seeks compassionate release under 18 U.S.C. § 3582. Trujillo argues that armed robbery is no longer a crime of violence under *Johnson* and that his U.S.S.C. § 4B1.1 career offender enhancement is therefore invalid and results in a sentencing disparity. He also seeks compassionate release based on his underlying health conditions and risk of developing severe disease from COVID-19. Trujillo is 48 years old, and his current projected release date is May 23, 2025. *See* https://www.bop.gov/inmateloc/.

Because the motion touches on topics that may be construed under 28 U.S.C. § 2255, the Clerk's Office filed the motion as a mixed pleading under §§ 3582 and 2255. Trujillo filed a letter-response on March 16, 2023, and argues that the Court misconstrued his motion as a § 2255 claim.

---

[1] Trujillo filed a first, skeletal motion for compassionate release and to appoint counsel on January 23, 2023. (CR Doc. 96.) The Court denied his request for counsel but allowed him to file a more detailed pleading specifying why compassionate release is appropriate. (CR Doc. 99.) Trujillo timely complied by filing his Supplemental Brief on March 6, 2023, which includes the factual predicate for relief. (CR Doc. 104.)

(CR Doc. 107.) The Court will address the construction of Trujillo's claims before turning to the merits of his request for compassionate release.

## II. DICUSSION

### A. The Court will not consider § 2255 claims that appear in the motion.

A compassionate release proceeding under 18 U.S.C. § 3582 allows the Court to "decid[e] whether, and to what extent, to modify a sentence." *United States v. Wesley*, 60 F.4th 1277, 1287 (10th Cir. 2023). "A motion for compassionate release is not a proper vehicle to assert a claim that, if true, would mean 'that the sentence was imposed in violation of the Constitution or laws of the United States.'" *United States v. Valenzuela*, 2023 WL 3944868, at *3 (10th Cir. June 12, 2023) (quotations omitted). Such claims must be raised under 28 U.S.C. § 2255, which is the exclusive remedy to test the validity of a federal judgment and sentence. *Id.*; *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). If "a district court receives a compassionate release motion that comprises or includes a claim governed by § 2255 . . . the court should treat the part governed by § 2255 as if explicitly brought under § 2255 and handle it accordingly (including dismissal for lack of jurisdiction if appropriate)." *Wesley*, 60 F.4th at 1289.

A portion of Trujillo's motion challenges his career offender guideline enhancement, alleging the underlying conviction for New Mexico armed robbery is not a crime of violence. He relies on *Johnson*, which invalidated the definition of "crime of violence" in the residual clause of 18 U.S.C. § 924(e)(2)(B). This argument appears to rehash Trujillo's 2016 void-for-vagueness challenge to U.S.S.C. § 4B1.1, which mimics the language of § 924(e)(2)(B). Vacating Trujillo's career offender sentence enhancement under *Johnson* or its progeny would necessarily mean the sentence violates the Constitutional prohibition on vague criminal laws. The argument should be

considered, if at all, under 28 U.S.C. § 2255.

As noted above, Trujillo does not wish to raise a § 2255 claim. The Court therefore declines to consider any § 2255 claims in this proceeding, based on his preference and because such claims are subject to dismissal for lack of jurisdiction. By statute, federal district courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court. *See Cline*, 531 F.3d at 1251. The failure to obtain such authorization is a jurisdictional defect barring relief. *Id.*

Under certain circumstances, "a § 2255 motion that was voluntarily dismissed under Rule 41—ostensibly without prejudice"—can "count[] as a first § 2255 motion." *United States v. Rejda*, 790 F. App'x 900, 904 (10th Cir. 2019). A withdrawn § 2255 motion triggers the bar on successive claims if the petitioner had an "opportunity to receive a decision on the merits" but "flinched, seeing the handwriting on the wall." *Id.* (quoting *Potts v. United States*, 210 F.3d 770, 770 (7th Cir. 2000); *see also Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) (construing a withdrawn petition as a "first filing" where "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless").

The facts of this case are nearly identical to those in *Rejda*, where the Tenth Circuit found a withdrawn/dismissed § 2255 motion still counted as the petitioner's first habeas filing. *See* 790 F. App'x at 905–06. In both cases, the petitioner filed a counseled § 2255 motion challenging the residual clause of the career offender sentencing guideline under *Johnson. See id.* at 901. Each court stayed the proceedings pending the Supreme Court's decision in *Beckles*; issued an Order noting the outcome of *Beckles* in 2017; and directed a status report. *See id.* Both petitioners

4

responded by voluntarily dismissing their § 2255 motions under Rule 41(a). *See id.* The Tenth Circuit determined these "circumstances clearly show that, following the Supreme Court's decision in *Beckles*, Rejda 'flinched, seeing the handwriting on the wall.'" *Id.* at 905 (quotations omitted). Trujillo's 2016 motion therefore counts as his "first" § 2255 proceeding. The Court need not consider whether to transfer any successive claims because Trujillo does not wish to pursue § 2255 relief. To the extent the instant motion raises successive § 2255 claims, the Court will dismiss such claims for lack of jurisdiction.

### B. Compassionate release is not warranted.

Courts may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A) if a defendant administratively exhausts his request and three other requirements are met. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The Court must find: (1) "extraordinary and compelling reasons warrant such a reduction; (2) . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable[,]" support the reduction. *Id.* "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others. But when a district court grants a motion for compassionate release, it must of course address all three steps." *Id.* at 1043.

As to step one, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for a sentence reduction, including . . . a list of specific examples." 28 U.S.C. § 994(t); *see also United States v. Saldana*, 2020 WL 1486892, at *2 (10th Cir.) (looking to Sentencing Commission factors to define extraordinary and compelling reasons for release). However, the Sentencing Commission did not update its list of examples

after § 3582 was amended by the First Step Act. *See McGee*, 992 F.3d at 1045. The Court is therefore currently not bound by the Sentencing Commission's description. *McGee*, 992 F.3d at 1045. Courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons," using Sentencing Commission policy statements as "guideposts . . . under the second part of the statutory test." *Id.*

Trujillo contends he has multiple health conditions that increase the risk of severe complications from COVID-19, including hepatitis C, abnormal liver functions, urinary calculus, arthropathy, osteoarthrosis, and a high body mass index. (CR Doc. 104 at 8.) At this point in time, such circumstances are not extraordinary, nor would a release be consistent with the Sentencing Commission policy statements. The Tenth Circuit has affirmed the denial of compassionate release motions featuring similar health conditions and COVID-19 concerns. *See, e.g.*, *United States v. Valenzuela*, 2023 WL 3944868, at *1 (10th Cir. June 12, 2023) (affirming the rejection of § 3582 arguments based on COVID-19 risk, Hepatitis C, GERD, and hypertension); *United States v. Gonzalez*, 2022 WL 386136, at *2 (10th Cir. Feb. 9, 2022) (affirming denial of compassionate release where district court found Hepatitis C and degenerative arthritis placed the defendant at a greater risk for COVID-19 complications). These cases are particularly persuasive here, where the attachments to Trujillo's motion demonstrate he attends regular medical visits. (CR Doc. 104 at 13–15.) The attachments further show that his hepatitis C, which is his primary concern, is listed in the "Remission" category rather than the "Current [Condition]" category of his medical records. (*Id.* at 13.) Such notation is not dispositive, since compassionate relief is inappropriate for multiple reasons, but it provides additional evidence that Trujillo has not carried his burden with respect to his compassionate release.

Trujillo also notes that COVID-19 prevention measures at FCI McDowell are inadequate. The Federal Covid-19 public health emergency has ended, however, and vaccines are widely available.  *See*  https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html  (last visited June 28, 2023); *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); *United States v. Hald*, 8 F.4th 932, 939 (10th Cir. 2021) (noting that "access to vaccination" would presumably weigh against a finding of extraordinary and compelling reasons"). As the Tenth Circuit recently explained, the "risk of COVID-19 infection and complications exists both inside and outside the [prison] facility." *Gonzalez*, 2022 WL 386136, at *2.

The Court finally notes that even if Trujillo could raise a *Johnson*-type claim as part of the § 3582 analysis, rather than asserting that claim under 28 U.S.C. § 2255, the argument would still not demonstrate an extraordinary circumstance warranting a sentence reduction. *See, e.g.*, *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021) (considering a non-retroactive change to the stacking provision of 18 U.S.C. § 924(c) as part of the analysis on extraordinary circumstances). Trujillo believes he is not subject to the career offender guideline of U.S.S.C. § 4B1.1 because his prior conviction for New Mexico armed robbery is no longer a crime of violence. (CR Doc. 104 at 5.) However, "binding Tenth Circuit precedent holds that convictions for New Mexico armed robbery are violent felonies under the elements clause in [18 U.S.C.] § 924(e)," which was not invalidated under *Johnson*. *United States v. Perkins*, 2022 WL 5140458, at *3 (10th Cir. Oct. 5, 2022) (citing *United States v. Manzanares*, 956 F.3d 1220, 1226 (10th Cir.

7

2020)). Thus, his career offender "sentence enhancement remains valid after *Johnson*" and that line of cases. *Perkins,* 2022 WL 5140458, at *3. Based on the totality of circumstances in this case, Trujillo has not demonstrated an entitlement to relief under the first two steps of the compassionate relief test.

Alternatively, compassionate release is not consistent with the relevant factors in 18 U.S.C. § 3553(a). Such factors include the nature of the offense, the history of the defendant, the guideline range, deterrence, public safety, and the need to avoid sentencing disparities among similar offenders. Trujillo has a fairly long history of drug offenses and violent crime, including domestic violence. He committed the instant offense while he was under a different sentence. (PSR ¶ 34.) The guideline range for the offense was 188 to 235 months, and Trujillo received 188 months. (*Id.* ¶ 65.) Reducing that sentence to time-served, with almost two years left on his sentence, would place him at a significant advantage over similar offenders and undermine the goals of federal sentencing law. Trujillo also notes he has made various efforts at rehabilitation and completed programs for drug abuse, business management, vocational training, etc. Trujillo's efforts are laudable, and while they do not tip the scales on compassionate release, he should continue to prepare for a successful release in the future.

For all these reasons, the Court will deny the motion to the extent it requests compassionate release under 18 U.S.C. § 3582. To the extent the Motion contains any successive habeas claims under 28 U.S.C. § 2255, such claims will be dismissed without prejudice for lack of jurisdiction. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the jurisdictional bar on any successive claim is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA can only issue where petitioner "demonstrates that reasonable jurists

would find the district court's assessment . . . debatable or wrong").

**IT IS ORDERED** that Paul Jessie Trujillo's Motion to Modify Term of Imprisonment Under 18 U.S.C. 3582(c)(1)(A) (**CV Doc. 1**; **CR Docs. 96; 104**) is **DENIED**, to the extent he seeks compassionate release, and **DISMISSED without prejudice**, to the extent it raises any successive 28 U.S.C. § 2255 claims.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, to the extent necessary and with respect to any successive 28 U.S.C. § 2255 claims; and the Court will enter a separate judgment to close the civil habeas case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE